Maria BOWLES, Plaintiff,

and

Brad Whitney Sportswear Profit–Sharing Plan; Brad Whitney Sportswear Defined Benefit Pension Plan; Marvin Stone, as Trustee of the Brad Whitney Sportswear Defined Benefit Pension Plan, Plaintiffs–Appellants,

v.

Robert READE, Jr., Defendant,

and

Deirdre Reade, individually and as Executrix/Administratrix of the Estate of Robert B. Reade, Sr., Defendant–Appellee.

Maria Bowles, Plaintiff,

and

Brad Whitney Sportswear Profit–Sharing Plan; Brad Whitney Sportswear Defined Benefit Pension Plan; Marvin Stone, as Trustee of the Brad Whitney Sportswear Defined Benefit Pension Plan, Plaintiffs–Appellants–Cross–Appellees,

v.

Robert Reade, Jr., Defendant,

and

Deirdre Reade, individually and as Executrix/Administratrix of the Estate of Robert B. Reade, Sr., Defendant–Appellee–Cross–Appellant.

Nos. 98–16107, 98–16142.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1999

Filed Dec. 13, 1999

Anthony T. Karachale, Horan, Lloyd, Karachale, Dyer, Schwartz & Law & Cook, Inc., Monterey, California, for the plaintiffs-appellants-cross-appellees.

R. Bradford Huss and Robert S. Unger, Trucker & Huss, San Francisco, California, for the defendant-appellee-cross-appellant.

Before: GOODWIN, SCHROEDER, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Brad Whitney Sportswear Profit–Sharing Plan, Brad Whitney Sportswear Defined Benefit Pension Plan ("The Plans"), and Marvin Stone, Trustee of the Brad Whitney Sportswear Defined Benefit Pension Plan (collectively "Appellants"), appeal from the denial of the motion for leave to amend their complaint to reflect that Deirdre Reade ("Ms. Reade") is the trustee of the Robert B. Reade Trust in this action for breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"). Appellants also appeal from the final judgment dismissing this action following the November 14, 1997 order granting summary judgment in favor of Ms. Reade.

Ms. Reade cross-appeals from the February 7, 1997, order denying her motion to dismiss all claims filed by Maria Bowles pursuant to a release agreement. Ms. Reade also seeks reversal on jurisdictional grounds of the order realigning The Plans as plaintiffs and the order denying Ms. Reade's motion to dismiss the first amended complaint joining Stone as a plaintiff. We have jurisdiction to hear this timely appeal pursuant to 28 U.S.C. § 1291.

On the appeal, we vacate the order denying the motion for leave to amend the complaint because the motion was not futile and no finding was made by the district court that such amendment would be prejudicial to Ms. Reade or that the motion was made in bad faith. We also vacate the judgment dismissing the action because the entry of summary judgment was based solely on the district court's

erroneous denial of the motion to amend the complaint to reflect that Ms. Reade was the trustee of the Robert B. Reade Trust. On the cross appeal, we affirm the district court's denial of Reade's motion to dismiss all of Bowles's claims filed against her because Bowles's claims were not truly individual claims. We also affirm the district court's ruling allowing Stone to be joined as a plaintiff to represent the plan participants' interests, but on remand, direct the district court to dismiss The Plans as plaintiffs for lack of standing.

## I

Maria Bowles, a retired employee of Brad Whitney Sportswear Manufacturing Company, filed a complaint against Robert B. Reade Jr., Christopher B. Reade, Brad Whitney Sportswear Manufacturing Company, BWS Brands, Inc., and The Plans on December 15, 1993. She asserted claims for breach of fiduciary duty under ERISA. On May 13, 1994, she filed a complaint against Deirdre Reade, individually and as "Executrix/Administratrix of the Estate of Robert B. Reade, Sr.," and against The Plans. The 1994 complaint alleged causes of action for breach of fiduciary duty under sections 502(a)(1)(A) and (B) and 502(a)(3) of ERISA. Bowles alleged that Robert B. Reade, Sr. breached his fiduciary duties as trustee of The Plans by causing The Plans to be underfunded and paying excessive benefits to himself. She prayed for a restoration to The Plans of all losses incurred, and any profits gained, through a breach of fiduciary duty, so that they may be allocated to the accounts of all participants in The Plans. On January 27, 1995, the 1993 and 1994 complaints were consolidated for trial. In a separate state action filed by Ms. Reade for breach of contract, The Brad Whitney Sportswear Manufacturing Company filed a cross complaint on May 2, 1994, against Deirdre Reade indi-

vidually, and as trustee of the Robert B. Reade Trust, in the Superior Court of California.[1]

On May 10, 1996, Bowles signed a settlement agreement with Ms. Reade. The agreement stated that Bowles, "for herself and her respective attorneys, trustees, fiduciaries, administrators, conservators, guardians, representatives, heirs, successors and assigns, present and future, hereby fully and forever releases and discharges each of the parties included in the term 'Defendant'. . . ." The agreement defined "Defendant" to include Ms. Reade in her capacity as both executrix and administratrix of the Estate of Robert B. Reade, Sr., and trustee of the Robert B. Reade Trust. In the agreement, Bowles warranted that she was "the true owner of all claims that [were] released by her in this Agreement."

Thereafter, on November 29, 1996, The Plans filed a motion to realign The Plans as plaintiffs in the consolidated actions. The Plans also requested that the court appoint Marvin Stone as trustee of The Brad Whitney Sportswear Defined Benefit Pension Plan in place of Robert B. Reade, Sr. Robert B. Reade, Sr. had been trustee of The Plans from his appointment on January 13, 1988, until his death on February 19, 1992. On December 3, 1996, Bowles filed a motion to dismiss "this action with prejudice" pursuant to the settlement agreement. Bowles's motion stated that "[a]lthough the Plaintiff and Defendant Reade have executed such a Stipulation for Dismissal, the remaining parties to this action have refused to agree to it, thus necessitating the present motion." Also on December 3, 1996, Ms. Reade filed a motion to dismiss all claims filed against her pursuant to the settlement agreement. Stone was appointed a trustee on January 8, 1997.

---

1. The issue of whether the state court proceedings had a preclusive effect on the federal court proceedings has not been raised in this appeal. The state court proceedings are referenced here to indicate that The Plans had knowledge that Ms. Reade was trustee of the Robert B. Reade Trust because The Plans shared an attorney with The Brad Whitney Sportswear Manufacturing Company at that time.

On February 7, 1997, the district court dismissed all claims against Ms. Reade belonging to Bowles. The court concluded, however, that the agreement released "only those claims legally brought by Plaintiff Bowles and that Bowles [could not] and did not release the Plans' claims against Defendant Reade." The court ordered that The Plans be realigned as plaintiffs "to reflect the proper remedies sought in this action."

The Plans filed the first amended complaint on April 18, 1997. In that complaint, The Plans joined Stone as a plaintiff in the action against Ms. Reade for breach of fiduciary duty. The amended complaint was filed against Deirdre Reade both individually and as executrix and administratrix of the Estate of Robert B. Reade, Sr.

The Plans and Stone filed a second amended complaint on July 10, 1997. Ms. Reade filed her answer on October 7, 1997. She asserted that she was sued erroneously as "Executrix/Administratrix of the Estate of Robert B. Reade, Sr." She asserted as an affirmative defense that she was not a proper party to the action. At the same time, she filed a motion for summary judgment on the same grounds.

On November 12, 1997, The Plans filed a motion to amend the complaint to correct the error and requested that the district court shorten the time to hear the motion so that it could be heard at the same time as Ms. Reade's motion for summary judgment. The district court denied The Plans' motion to shorten time. It granted Ms. Reade's motion for summary judgment on November 14, 1997. On January 7, 1998, The Plans filed a motion for reconsideration of the order granting summary judgment and a motion for leave to amend the complaint. On March 23, 1998, the district court denied the motion for reconsideration of the order granting summary

judgment and the motion to amend. The district court entered judgment on May 7, 1998 in favor of Ms. Reade pursuant to Rule 54(b). The Plans and Stone filed their notice of appeal from the judgment disposing of all claims against Ms. Reade on June 3, 1998. Bowles did not file a notice of appeal.[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## II

The district court dismissed this action because the claims in the first amended complaint were filed against Ms. Reade as "Executrix/Administratrix of the Estate of Robert B. Reade, Sr." Ms. Reade is the trustee of the Robert B. Reade Trust. The Plans and Stone concede that Ms. Reade was not named in the amended complaint in her proper representative capacity. They argue, however, that the district court abused its discretion in denying their motion to amend the complaint to designate Ms. Reade in her proper capacity as the trustee of the Robert B. Reade Trust. We review a district court's denial of a motion for leave to amend for abuse of discretion. *See Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 879 (9th Cir. 1999). Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." We therefore review such a denial strictly in light of the strong policy permitting amendment. *See Plumeau v. School Dist. No. 40,* 130 F.3d 432, 439 (9th Cir.1997).

Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. *See DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Additionally, the dis-

---

**2.** On March 4, 1999, the court entered an order dismissing the consolidated action with prejudice pursuant to a settlement agreement between Bowles and the remaining defendants. The parties do not appeal from the March 4, 1999, order. This appeal solely concerns the dispute between The Plans and Stone against Ms. Reade, in her representative capacity, as the trustee of the Robert B. Reade Trust.

trict court may consider the factor of undue delay. *See id.* Undue delay by itself, however, is insufficient to justify denying a motion to amend. *See id.* We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment. *See id.* at 186–87 (citing *Howey v. United States,* 481 F.2d 1187, 1191 (9th Cir.1973)).

Here, the district court did not make any specific findings of prejudice, bad faith, or futility. The court merely explained that it denied The Plans' motion because they knew that Ms. Reade was acting in her capacity as trustee of the Robert B. Reade Trust. This explanation, however, does not satisfy the district court's duty to make findings supported by the record showing that the motion was prejudicial to the defendant, was made in bad faith, or was futile.

Ms. Reade argues that the amendment would have been futile because it would have been barred by the statute of limitations. She points to our holding in *Eaglesmith v. Ward,* 73 F.3d 857 (9th Cir.1995) (as amended), where we held that the district court properly dismissed the plaintiff's claim without leave to amend. *Id.* at 860. The plaintiff in *Eaglesmith* had originally brought a claim against a superintendent of a school in his official capacity, and in that capacity the defendant was immune from liability. *Id.* at 859–60. The plaintiff wanted to amend his complaint to bring his claims against the superintendent in his individual capacity. *See id.* at 860. We held that "new service within the statute of limitations is necessary in order to satisfy the due process requirement of notice when there is to be a change in the status of defendants." *Id.* (citing *Jackson v. Hayakawa,* 682 F.2d 1344, 1348 (9th Cir. 1982)). We concluded that because new service was not made within the statute of limitations, the district court did not err in denying leave to amend. *See id.*

This matter is distinguishable from *Eaglesmith.* There, the superintendent was initially sued in his official capacity. Thereafter, the plaintiff sought to amend the complaint to bring claims against him in his individual capacity. Here, Ms. Reade was originally named as a defendant in her representative capacity. The proposed amendment sought only to correct the title of that representative capacity. The proposed amendment did not seek to change her status as a defendant to one other than as a representative of her deceased husband.

Rule 15(c) of the Federal Rules of Civil Procedure provides:

> An amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth ... in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Here, Ms. Reade knew that she was trustee of the Robert B. Reade Trust and not the executrix or administratrix of his estate. She knew or should have known that, but for the mistaken identification, she would be a proper party defendant in the action. The nature of the breach of fiduciary duty claims remained the same regardless of whether Ms. Reade was referred to as executrix and administratrix or as trustee. She therefore had timely notice of the action. Thus, the proposed amended complaint was not time barred

and therefore not futile. Because the amendment would not have been futile, and the district court made no findings of prejudice or bad faith, we hold that the district court abused its discretion in denying the motion for leave to amend and the motion for reconsideration.

Because the sole basis for granting summary judgment in favor of Ms. Reade was the mistake in pleading her representative capacity accurately, we vacate the judgment dismissing the action on this basis because the court abused its discretion in denying the motion to designate Ms. Reade's true representative capacity.

## III

We next turn to the issues raised in the cross-appeal. Ms. Reade contends that the district court erred in denying her motion to dismiss her from this action with prejudice based on the release of Bowles's claims against her. The district court denied Ms. Reade's motion to dismiss the action against her because it concluded that Bowles could not release her claims of breach of fiduciary duty without the consent of The Plans. In reaching this conclusion the court relied on *Farr v. U.S. West, Inc.*, 58 F.3d 1361 (9th Cir.1995). In *Farr*, we held that only the employee benefits plan itself may obtain relief for breach of fiduciary duty under ERISA. *Id.* at 1364. An individual beneficiary may bring a claim for breach of fiduciary duty only for the benefit of the plan. *See id.* Ms. Reade challenges the district court's reliance on *Farr.* She contends that the district court overlooked the Supreme Court's holding in *Varity Corp. v. Howe,* 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). In *Varity*, the Court specifically permitted individual claims for breach of fiduciary duty under § 502(a)(3)

of ERISA. *Id.* at 512–15, 116 S.Ct. 1065. Ms. Reade argues that because Bowles could bring her claims individually, all of Bowles's claims against her were released in the settlement agreement. Ms. Reade asserts that the district court therefore should have granted her motion to dismiss her from the action.

The district court's reliance on our holding in *Farr* was misplaced. After our decision in *Farr,* the Supreme Court held that § 502(a)(3) of ERISA permits an individual to obtain "appropriate" equitable relief for a breach of fiduciary duty. *See Varity*, 516 U.S. at 512–15, 116 S.Ct. 1065. Indeed, Bowles cited § 502(a)(3) as a basis for her claim.

Notwithstanding the district court's reliance on *Farr*, its decision not to dismiss all of the claims filed against Ms. Reade was proper. First, although Bowles invoked § 502(a)(3), she did not request individual relief. Instead, Bowles sought relief for The Plans and all participants in The Plans, including herself.[3] *Cf. Mertens v. Black*, 948 F.2d 1105, 1106 (9th Cir.1991) (holding that plaintiffs made individual claims for breach of fiduciary duty where they neither purported to represent the plan nor sought a recovery for the plan) (citing *Koch v. Kaiser Steel Retirement Plan*, 947 F.2d 1412 (9th Cir.1991)).

Furthermore, a close reading of the Court's decision in *Varity* reveals that the individual relief available under § 502(a)(3) does not apply to Bowles's claims for breach of fiduciary duty. Section 502(a)(3) of ERISA allows an individual participant to obtain "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). The Supreme Court held in *Varity* that individual equitable relief is "appropriate" under

---

**3.** Bowles's complaint reads as follows: WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

    1. *On the First Claim:*
      a. For an order directing Defendants Reade to restore to the Plans all losses

incurred by the Plan, and all profits made by them through his breaches of fiduciary duty; and
      b. For an order allocating such restored losses and profits to the individual accounts of all other Plan participants, including Plaintiff.

§ 502(a)(3) only where Congress did not provide adequate relief elsewhere in the statute. 516 U.S. at 515, 116 S.Ct. 1065.

In *Varity,* the plaintiffs alleged that the defendant breached its fiduciary duty by convincing them to transfer from their current benefit plan into a plan the defendants knew was insolvent. *Id.* at 493–94, 116 S.Ct. 1065. The plaintiffs were seeking to be reinstated to the original plan. *See id.* at 494–95, 116 S.Ct. 1065. The plaintiffs had no remedy under § 502(a)(1) because they were no longer members of the original plan and had no "benefits due [them] under the terms of [the] plan." *Id.* at 515, 116 S.Ct. 1065 (quoting 29 U.S.C. § 1132(a)(1)(B)) (alterations in original). They also had no remedy under § 502(a)(2), which is tied to § 409, because those sections simply allow a beneficiary to compel the fiduciary to return to the plan any losses resulting from the breach of duty. 29 U.S.C. §§ 1132(a)(2), 1109. The fiduciary in *Varity* caused no such losses to the plan. *Id.* at 494–95, 116 S.Ct. 1065. The plaintiffs sought reinstatement, a remedy that was truly individual and would only be covered, if at all, by § 502(a)(3). *See id.* at 515, 116 S.Ct. 1065.

In contrast, here Bowles sought the precise remedy Congress prescribed in § 502(a)(2): a return to The Plans and all participants of all losses incurred and any profits gained from the alleged breach of fiduciary duty. Reliance on § 502(a)(3) is not necessary in this case to prevent the denial of a remedy. *See Varity,* 516 U.S. at 515, 116 S.Ct. 1065 (expressing concern that the purposes of ERISA would not be served by denying plaintiffs a remedy). Indeed, since the Supreme Court's decision in *Varity,* we have denied plaintiffs individual relief under § 502(a)(3) where another section of ERISA already provided them with an adequate remedy. *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1475 (9th Cir.1997) (holding that plaintiffs were not entitled to relief under § 502(a)(3) where they received relief under § 502(a)(1)). Thus, even under the

holding in *Varity,* Bowles's claims for breach of fiduciary duty are not "appropriately" individual.

Because Bowles's claims are not truly individual, it was proper for the district court to conclude that Bowles could not settle them without The Plans' consent. The district court did not err in denying Ms. Reade's motion to dismiss Bowles's claims for breach of fiduciary duty.

## IV

Ms. Reade asserts that the district court erred in realigning the parties because an ERISA plan has no standing to pursue a claim for breach of fiduciary duty because it is not an enumerated party under 29 U.S.C. § 1132(a). She also contends that Stone's presence as a plaintiff in the law suit cannot cure the standing defect because the district court erred in permitting Stone to be joined as a plaintiff in his capacity as trustee of the Brad Whitney Sportswear Defined Benefit Pension Plan. She claims that the district court did not authorize the joining of any new parties in its February 7, 1997, order realigning the parties. Standing is a question of law reviewed de novo. *See United States v. Real Property Known as 22249 Dolorosa Street, Woodland Hills, California,* 167 F.3d 509, 511 (9th Cir.1999). We review a district court's decision regarding joinder of a party for abuse of discretion. *See United States v. Bowen,* 172 F.3d 682, 688 (9th Cir.1999).

On February 7, 1997, the district court ordered that "the parties be realigned so as to reflect the proper remedies sought in this action." The district court then stated that "the proper Plaintiffs are now Maria E. Bowles, Brad Whitney Sportswear Profit–Sharing Plan and Brad Whitney Sportswear Defined Benefit Plan." The district court erred in realigning The Plans as plaintiffs in this matter. In *Local 159, 342, 343 & 444 v. Nor–Cal Plumbing, Inc.,* 185 F.3d 978 (9th Cir. 1999), we reiterated our earlier holdings

that "ERISA plans[ ] are not fiduciaries entitled to sue under ERISA." *Id.* at 983; *see Steen v. John Hancock Mut. Life Ins. Co.*, 106 F.3d 904, 917 (9th Cir.1997) ("[Defendant] is correct that the [ ] Plan itself does not have standing to sue under 29 U.S.C. § 1132(a), which limits eligibility for civil enforcement of ERISA to ERISA plan participants, beneficiaries, and fiduciaries, and the Secretary of Labor.") (citation omitted).

■ The district court's error in realigning The Plans as plaintiffs in this action did not, however, affect the district court's jurisdiction to consider the merits of Bowles's claims on behalf of The Plans that Robert B. Reade, Sr., breached his fiduciary duties. As discussed above, the district court ruled correctly that Bowles remained as a plaintiff in her representative capacity on behalf of The Plans and the participants notwithstanding the release of her individual claims against Ms. Reade.

■ Following the February 7, 1997 order, The Plans did not notice a motion to amend the complaint pursuant to Rule 7(b) of the Federal Rules of Civil Procedure. On April 4, 1997, however, the district court granted The Plans leave to file an amended complaint. The district court did not abuse its discretion in permitting The Plans to file an amended complaint in which they joined Stone as a replacement trustee to represent the plan participants' interests in seeking a remedy for Robert B. Reade, Sr.'s, alleged breach of fiduciary duty. A trustee, as plan fiduciary, has standing to bring claims for breach of fiduciary duty under 29 U.S.C. § 1132(a). As trustee, Stone was a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Any error in complying with the requirement of Rule 7(b) that a party must request leave of court before filing an amended complaint was harmless. Ms. Reade has failed to demonstrate that she was prejudiced by the failure of The Plans to make a formal request for leave to add a necessary party in the action. See 28

U.S.C. § 2111 (providing that an appellate court "shall give judgment ... without regard to errors or defects which do not affect the substantial rights of the parties").

## V

■ After the first amended complaint was filed, Ms. Reade filed a motion to dismiss in which she alleged that new claims had been added that were time barred. The district court denied the motion. Before this court, Ms. Reade presents two statute of limitations arguments. First, she argues that, even if Stone properly joined the action, the statute of limitations barred his claims for breach of fiduciary duty. She also argues that the amended complaint not only added a new plaintiff, but also added new claims that were time barred. We review de novo a district court's determination of whether the claims were time barred. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir.1999).

■ An ERISA claim is time barred if filed after the earlier of six years after the last act which constituted a part of the breach of fiduciary duty, or three years after the earliest date on which the plaintiff had actual knowledge of the breach. 29 U.S.C. § 1113. The parties do not appear to dispute that Stone had knowledge of the claims more than three years prior to the time he was joined as a plaintiff in the first amended complaint. The Plans and Stone argue, however, that because Stone joined as a plaintiff merely to assert those claims already timely brought by Bowles on behalf of The Plans, the claims were not time barred.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment to a pleading relates back to the date of the original pleading if the amended claims arose out of the same conduct, transaction, or occurrence, and the defendant received timely notice of the institution of the action and is not prejudiced in maintaining a

defense on the merits. We have held that an amendment adding or substituting plaintiffs will relate back if there is an identity of interests between the plaintiffs. *See Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384–85 (9th Cir.1982) (adopting the reasoning in *Staren v. American Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir.1976) in holding that the substituted plaintiff partnership's claim related back to the complaint originally filed by the corporate plaintiff because the stockholders of the corporation were partners of the partnership and the circumstances giving rise to the claim remained the same); *see also Besig v. Dolphin Boating and Swimming Club*, 683 F.2d 1271, 1278 (9th Cir.1982) ("Unless the substituted and substituting plaintiffs are so closely related that they in effect are but one, an amended complaint substituting plaintiffs relates back only when the relief sought is sufficiently similar to constitute an identity of interest."). *But see In re Schurek*, 139 B.R. 512, 515 & n. 4. (Bankr.S.D.Cal.1992) (noting that *Raynor Bros.* was decided before the 1996 version of Rule 15(c), and determining that the criteria in *Raynor Bros.* are applicable only if the amendment is filed not only after the statute of limitations period but also after the end of the period for serving a summons and complaint).[4]

In this case, Stone's claims for breach of fiduciary duty were brought on behalf of The Plans in his capacity as trustee of The Plans. His claims arose out of the same transaction or occurrences as those alleged in Bowles's complaint; namely, Robert B. Reade, Sr.'s, alleged improper disbursements to himself and his allowing The Plans to become underfunded. The facts are the same. Furthermore, Stone had a sufficient identity of interest with Bowles. Stone is the trustee of The Plans. Bowles is a beneficiary of The Plans. Both Bowles and Stone sought the same relief

on behalf of The Plans. Thus, the original complaint put Ms. Reade on sufficient notice that she was defending against a claim for breach of fiduciary duty arising from her husband's alleged conduct. She was on notice that the claims prayed that all losses and improper distributions be returned to The Plans so that they could distribute them to all of the participants. There was no prejudice to Ms. Reade in allowing Stone's claims in the first amended complaint to relate back to the original complaint filed by Bowles.

■ Ms. Reade also contends that the amended complaint added new claims. She argues that the amended complaint asserted for the first time a right to recoup benefits received by Robert B. Reade, Sr., under Section 5.4 of The Defined Benefit Plan itself and requested further that Ms. Reade return an additional annuity to The Plans. If the amended complaint alleged a new claim for relief that arose out of different conduct or transactions it would not relate back to the original complaint. *See Sierra Club v. Penfold*, 857 F.2d 1307, 1316 (9th Cir.1988).

■ A comparison of the original complaint and the amended complaint reveals that the addition of language regarding Section 5.4 of The Defined Benefit Plan did not allege a new claim for relief. The original complaint alleged that Robert B. Reade, Sr., "caused the Plans to pay excessive benefits to himself and/or his former spouse ... in violation of the terms of the Plan." The amended complaint stated that he and his spouse "received benefits in violation of Section 5.4 of the defined benefit plan...." This clarification did not change the claims in such a way that Ms. Reade did not have prior notice of the defense she would have to mount.

■ Additionally, seeking the return of the annuity fund does not allege a new

---

4. From the record, it does not appear that the amended complaint would be saved by the 120 day "extension period" that the court in *Schurek* notes was created by the 1996 ver-

sion of the Rule. Thus, the *Raynor Bros.* criteria are appropriate for analysis of whether Stone's claims in the amended complaint related back to the original complaint.

claim for relief. The original complaint requested an order directing Ms. Reade to restore to The Plans all losses incurred by The Plans and all profits made by the Reades. The amended complaint alleged that Robert B. Reade, Sr., used the improper distributions to himself to acquire an annuity contract. The amended complaint reiterated the request to restore all losses incurred by The Plans and all profits made by the Reades, and also requested that Ms. Reade return the annuity. This request merely specified which alleged profits ought to be returned. Thus, the amended complaint related back to the original complaint. The amended complaint was not barred by the statute of limitations.

## CONCLUSION

On the appeal, we vacate the order granting summary judgment in favor of Ms. Reade. We also vacate the order denying The Plans' motion to amend the complaint to name Ms. Reade as a defendant in her capacity as trustee of the Robert B. Reade Trust. On the cross appeal, we affirm the district court's order denying Ms. Reade's motion to dismiss all claims filed against her. The district court did not abuse its discretion when it allowed Stone to be joined as a replacement trustee to represent the plan participants' interests. Stone, as trustee of The Plans, remains a proper plaintiff on behalf of the plan participants. On remand, the district court is directed to dismiss The Plans as plaintiffs for lack of standing.

**AFFIRMED** in part; **VACATED** in part, with directions. Fees and Costs are awarded to plaintiffs/appellants.