Louis K EGASHIRA; Ron Fleet; Karen Goethals; John Harrison; Julie D Sorenson; Matt Scott; Bill Whelan, on behalf of themselves and all those similarly situated, Plaintiffs–Appellants,

v.

THE BOEING COMPANY, Defendant–Appellee.

No. 00–35085.

D.C. No. CV 99–420 JCC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 22, 2001.

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

## MEMORANDUM *

We first turn to Appellants' ERISA § 502(a)(1)(B) claim. Because Appellee bravely waived exhaustion of plan remedies, we turn directly to the merits of the case. We review the district court's interpretation de novo. *See Boston Mut. Ins. v. Murphree,* 242 F.3d 899, 902 (9th Cir. 2001) ("We review the district court's ... interpretation of the [ERISA] Plan's coordination clause, de novo.").

■ We find that under the terms of the Boeing Layoff Plan, Appellants do not qualify for layoff benefits. Although the decision to terminate their current position was involuntary, Boeing gave Appellants the opportunity to seek alternative employment within Boeing. If they could not find such employment within a certain time period, Appellants then would have been laid off–and thus entitled to benefits at that time. Here, Appellants declined to

---

seek other employment within Boeing. Rather, they voluntarily resigned in order to take a position with IBM/GTE. Consequently, their decision to leave employment with Boeing was voluntary.

Furthermore, because Appellants failed to show reasonable and detrimental reliance, extraordinary circumstances, or that the provisions of the plan at issue were ambiguous such that reasonable persons could disagree as to their meaning or effect, Boeing is not collaterally estopped from raising the issues therein. *Spink v. Lockheed Corp.*, 125 F.3d 1257, 1262 (9th Cir.1997).

Finally, we find that because Appellants potentially had a remedy under § 502(a)(1)(B), they are not entitled to relief under § 502(a)(3). *See Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir.1999) (holding that plaintiff was not entitled to relief under § 502(a)(3) where relief she sought was provided by § 502(a)(2)); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir.1997) (holding that plaintiffs were not entitled to relief under § 502(a)(3) where they received relief under § 502(a)(1)(B)), *aff'd*, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.