**Sergio CARRANZA–HERNANDEZ, Plaintiff–Appellant,**

**Insurance Commissioner for the State of California, Intervenor–Appellee,**

v.

**ALTUS FINANCE CORPORATION; Credit Lyonnais; Aurora National Life Assurance Company; CDR Enterprises, Inc.; Omnium Geneve SA; New California Life Holdings, Inc.; Artemis, S.A. Defendants–Appellees.**

No. 00–55839.

D.C. No. CV–99–08375–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Decided April 24, 2002.

Before SCHROEDER, Chief Judge, TROTT, and RAWLINSON, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

MEMORANDUM \*

Sergio Carranza–Hernandez ("Carranza") filed this action in San Diego County Superior Court against defendants Altus Finance ("Altus"), Credit Lyonnais ("CL"), Aurora National Life Assurance Company ("Aurora"), CDR Enterprises ("CDR"),[1] Omnium Geneve SA ("Omnium"), New California Life Holdings, Inc. ("New California"), Artemis SA ("Artemis"), Mutuelle Assurance Artisanale de France ("MAAF") and MAAF Vie. The action was brought on behalf of a class of beneficiaries of structured settlement annuities ("SSA's") issued by Executive Life Insurance Company ("ELIC"), which was the subject of rehabilitation proceedings in the Los Angeles County Superior Court ("Conservation Court").

The Conservation Court approved a plan of rehabilitation ("the Plan") for ELIC, which was later modified. ELIC's insurance business, including the SSA held by Carranza, was sold to a consortium of investors headed by MAAF and Omnium. According to the Plan, the MAAF-led consortium incorporated New California, which in turn functioned as the sole shareholder of Aurora. Aurora took over ELIC's insurance policies, including the SSA's issued by ELIC.

Following removal, the district court dismissed Carranza's action for lack of jurisdiction and lack of standing. The district court correctly concluded that the California Insurance Commissioner has exclusive standing under California law to bring the claims asserted in Carranza's action. *See Garamendi v. Executive Life Ins. Co.,* 17 Cal.App.4th 504, 21 Cal.Rptr. 2nd 578, 584 (1993).

---

1.  CDR is a successor of Altus.

Denial of a request for leave to amend is reviewed for abuse of discretion. *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 799 (9th Cir.2001). The district court is afforded considerable deference in determining whether a party's motion to amend a complaint should be granted. *Id.* Leave to amend need not be granted where amendment would be futile. *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999). The district court did not abuse its discretion in denying Carranza's Motion to Amend.

AFFIRMED.[2]

**2.** The Motion Of Appellees To (1) Strike New Argument In Appellant's Reply Brief or (2) Accept This Motion As The Response To Appellant's New Argument is DENIED.

