**FORCES ACTION PROJECT, LLC, a California limited liability company et al., Plaintiffs—Appellants,**

v.

**State of CALIFORNIA et al., Defendants,**

and

**Bill Lockyer, Attorney General, State of California et al., Defendants— Appellees.**

No. 02–15336.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2003.*

Decided Feb. 12, 2003.

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM**

Forces Action Project, a smokers' rights organization, and individual smokers filed this action against the Attorney General of the State of California and four major cigarette manufacturers. Plaintiffs seek to invalidate the Master Settlement Agreement (MSA), in which 46 states and several U.S. territories agreed to settle their claims against the cigarette manufacturers for recovery of smoking-related health-care costs. Plaintiffs sought leave from the district court to file an amended com-

---

\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

plaint alleging that, through the MSA, Defendants are operating an output cartel and controlling cigarette prices in violation of the Sherman Anti-Trust Act, 15 U.S.C. §§ 1–7. The district court denied Plaintiffs' motion to amend.

Plaintiffs assert that the district court committed an error of law by relying on undue delay alone as justification for denying their motion to amend. *See Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999) ("Undue delay by itself . . . is insufficient to justify denying a motion to amend."). However, we also have held that, even if a district court provides an insufficient explanation for denying a motion to amend, we may affirm if a satisfactory ground for denial is "readily apparent" from the record. *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989).

It is readily apparent from this record that Defendants will suffer prejudice if Plaintiffs are allowed to amend their complaint. *See Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (citing prejudice to the opposing party as a ground for denial of leave to amend). Although the parties engaged in discovery with respect to Plaintiffs' other claims, they would have to reopen discovery if amendment were allowed. *See Lockheed Martin Corp. v. Network Solutions, Inc.,* 194 F.3d 980, 986 (9th Cir.1999) (stating that a "need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend"). Further, because dismissal of the entire action would be warranted if Plaintiffs had not belatedly sought to allege antitrust violations, Defendants will incur additional litigation expenses if Plaintiffs' amendment is allowed. *See Ascon Props.,* 866 F.2d at 1161 ("To put [the defendant] through the time and expense of continued litigation on a new

theory, with the possibility of additional discovery, would cause undue prejudice." (citation and internal quotation marks omitted)). In the circumstances, the district court did not abuse its discretion.

AFFIRMED.