**FORCES ACTION PROJECT LLC, a California limited liability company et al., Plaintiffs—Appellants,**

v.

**State of CALIFORNIA et al., Defendants,**

and

**Bill Lockyer, Attorney General, State of California et al., Defendants—Appellees.**

No. 02–15336.

D.C. No. CV–99–00607–MJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2003.*

Decided April 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before GOODWIN, GRABER, and McKEOWN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

### ORDER

The Memorandum disposition filed February 12, 2003, is amended. The Amended Memorandum disposition will be filed contemporaneously with this Order.

With this amendment, the petition for rehearing is DENIED. No further petitions for rehearing may be filed.

### AMENDED MEMORANDUM**

Forces Action Project, a smokers' rights organization, and individual smokers filed this action against the Attorney General of the State of California and four major cigarette manufacturers. Plaintiffs seek to invalidate the Master Settlement Agreement (MSA), in which 46 states and several U.S. territories agreed to settle their claims against the cigarette manufacturers for recovery of smoking-related healthcare costs. Plaintiffs sought leave from the district court to file an amended complaint alleging that, through the MSA, Defendants are operating an output cartel and controlling cigarette prices in violation of the Sherman Anti–Trust Act, 15 U.S.C. §§ 1–7. The district court denied Plaintiffs' motion to amend.

Plaintiffs assert that the district court committed an error of law by relying on undue delay alone as justification for denying their motion to amend. *See Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999) ("Undue delay by itself ... is insufficient to justify denying a motion to amend."). However, we also have held that, even if a district court provides an insufficient explanation for denying a motion to amend, we may affirm if a satisfactory ground for denial is "readily apparent" from the record. *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**474**

It is readily apparent from this record that Defendants will suffer prejudice if Plaintiffs are allowed to amend their complaint. *See Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir.1999) (citing prejudice to the opposing party as a ground for denial of leave to amend). Because dismissal of the entire action would be warranted if Plaintiff's had not belatedly sought to allege antitrust violations, Defendants will incur additional litigation expenses if Plaintiffs' amendment is allowed. *See Ascon Props.,* 866 F.2d at 1161 ("To put [the defendant] through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would cause undue prejudice." (citation and internal quotation marks omitted)).

Additionally, we note that Plaintiffs presented no new facts, but only new theories, and provided no satisfactory explanation for their failure to develop all theories earlier. *See Allen v. City of Beverly Hills,* 911 F.2d 367 (9th Cir.1990) (affirming denial of leave to amend under that standard). In the circumstances, the district court did not abuse its discretion.

AFFIRMED.