# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CONGREGATION BETH AARON, DERIVATIVELY ON BEHALF OF YAHOO! INC., <br><br>     Plaintiff/Appellant, <br><br>  v. <br><br> JERRY YANG, RON BURKLE, ROBERT KOTICK, GARY WILSON, MAGGIE WILDEROTTER, ROY BOSTOCK, ERIC HIPPEAU, ARTHUR R. KERN, EDWARD KOZEL, AND VYOMESH JOSHI, <br><br>     Defendants/Appellees <br><br>     and <br><br> YAHOO! INC., <br><br>     Nominal Defendant/Appellee | No. 09-16499 <br><br> D.C. No. 08-cv-05438-RMW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

---

    [*]  This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 7, 2010
San Francisco, California

Before:     RYMER and N. R. SMITH, Circuit Judges, and LEIGHTON,[**]
            District Judge.

Plaintiff Congregation Beth Aaron ("CBA") appeals the District Court's dismissal with prejudice of its derivative state and federal claims. *Aaron v. Yang*, No. 08-cv-05438-RMW, 2009 WL 1689707 (N.D.Cal. June 15, 2009). CBA also appeals the District Court's denial of leave to amend its complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Dismissals under Federal Rule of Civil Procedure 12(b)(6) are reviewed de novo. *McNamara-Blad v. Ass'n of Prof'l Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002). A complaint must include "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)). A district court's decision whether to grant leave to amend a complaint is reviewed for abuse of discretion. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

In February 2008, Microsoft made an open bid for all outstanding shares of

---

[**]The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

Yahoo! Inc. The Yahoo! Board of Directors, comprised of the named defendant-appellees ("Director-Defendants"), rejected the offer and allegedly acted to thwart Microsoft's acquisition. These actions included adoption of two Change in Control Employee Severance Plans ("Severance Plans"). Multiple stockholder derivative lawsuits followed, including an action by plaintiff Congregation Beth Aaron (CBA) in District Court and a consolidated action by plaintiffs in the Delaware Court of Chancery. In March 2009, the Court of Chancery approved a Settlement Agreement that included a release of all claims related to the Director-Defendants' conduct opposing Microsoft's bid, with exceptions not relevant here.

The District Court held that CBA's claims against the Director-Defendants were barred by the Settlement Agreement and thus also barred under the Full Faith and Credit Act, 28 U.S.C. § 1738. The Full Faith and Credit Act requires federal courts to give state court judgments "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984). The District Court therefore dismissed CBA's claims under Federal Rule of Civil Procedure 12(b)(6) with prejudice. On appeal, CBA asserts that its state law claim of

3

entrenchment[1] and federal law claims of violation of the Securities Exchange Act of 1934 fall outside the scope of the Settlement Agreement.

CBA first argues that the Director-Defendants' act of entering into the Settlement Agreement constituted an unlawful act of entrenchment, violating their "fiduciary duty to act in the best interests of the corporation's stockholders." *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 955 (Del. 1985). CBA asserts that this claim is not rooted in the Director-Defendants' conduct regarding the Microsoft bid, which is expressly encompassed by the Settlement Agreement. Paradoxically, CBA also asserts that the act of entering into the Settlement Agreement constitutes entrenchment because it protects the Director-Defendants from having to answer for their improper conduct regarding the Microsoft bid. This second assertion undermines the first; at its core, CBA's argument is that the Director-Defendants act of entering into the Settlement Agreement constitutes entrenchment because their alleged attempts to thwart Microsoft violated their fiduciary duties under *Unocal*. Because the Settlement Agreement released the Director-Defendants' from all claims arising from the Microsoft-related conduct,

_____

[1]CBA raises two state law claims, entrenchment and corporate waste. CBA only makes an argument regarding entrenchment and does not dispute the District Court's characterization of the waste claim as derivative of the entrenchment claim. Thus, the waste claim fails if the entrenchment claim fails.

that conduct cannot serve as a foundation for an entrenchment claim. Nor can the act of entering into an agreement, without more, support an entrenchment claim, for that fact alone does not show that a Board is acting to entrench itself. Because CBA fails to assert facts sufficient to support a valid claim, the District Court properly dismissed CBA's state law claims.

CBA next argues that the Director-Defendants made false and misleading statements in a Proxy Statement issued in June 2009, before the Settlement Agreement but after Microsoft made its bid. In the Proxy Statement, the Director-Defendants endorsed the Severance Plans and opposed a stockholder's Pay for Performance Proposal that would have tied executive compensation more closely to company performance. The Proxy Statement asserted that the Board was making its recommendations under advisement of independent compensation consultants. CBA claims the Director-Defendants violated the Securities Exchange Act by misleading investors into falsely believing the independent consultants supported both of the Board's recommendations. Claims of Securities Exchange Act violations related to the Severance Plans are clearly encompassed by the Settlement Agreement. However, CBA argues the recommendations regarding the Severance Plans and the Pay for Performance Proposal, though similar in nature, are factually independent and the Pay for Performance recommendation has

5

nothing to do with conduct covered by the Settlement Agreement.

The District Court found that both recommendations are rooted in the Proxy Statement itself, which is encompassed by the Settlement Agreement. We agree. Because the Pay for Performance recommendation was part of the Proxy Statement and the Proxy Statement is encompassed by the Settlement Agreement, all claims arising out of the Proxy Statement are barred by the Settlement Agreement.

Finally, the District Court denied CBA leave to amend its complaint because the court viewed any attempt to cure the complaint's deficiencies to be futile. CBA highlights this court's strong policy favoring amendments of pleadings, *Bowles*, 198 F.3d at 757, but does not identify any plausible facts which could be alleged to save its claims. Because it is not clear what facts could be alleged to cure CBA's complaint deficiencies and CBA suggests none, the District Court did not abuse its discretion in denying leave to amend.

**AFFIRMED**.