
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN R. SCANNELL, Esquire,

          Plaintiff-Appellant,

v.

WASHINGTON STATE BAR
ASSOCIATION; et al.,

          Defendants-Appellees.

No.   14-35582

D.C. No. 2:12-cv-00683-SJO

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
S. James Otero, District Judge, Presiding

Submitted December 9, 2016[**]
Seattle, Washington

Before: TALLMAN and CHRISTEN, Circuit Judges, and ENGLAND,[***] District
Judge.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable Morrison C. England, Jr., United States District Judge
for the Eastern District of California, sitting by designation.

John Scannell brings this lawsuit against members of the Washington State Bar Association and state supreme court justices and clerks involved in his state disbarment proceedings. He alleges that the defendants conspired to deprive him of due process rights and asserts: (1) claims under 42 U.S.C. § 1983; (2) claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 (RICO); (3) claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1-7 (Sherman Act); and (4) various state law claims. The district court dismissed all claims and denied leave to file a fourth amended complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court lacks subject matter jurisdiction to decide Scannell's claims for relief under § 1983, RICO, and Washington state law. His claims for individual relief constitute a forbidden de facto appeal of the Washington Supreme Court's decision to disbar him. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court.").

The district court similarly lacks subject matter jurisdiction over Scannell's more general claims concerning Washington court rules governing the conduct of lawyers. These claims are "inextricably intertwined" with his forbidden de facto appeal because he primarily asks the district court to examine the rules as applied to him. *See Noel*, 341 F.3d at 1158; *see also Cooper v. Ramos*, 704 F.3d 772, 780 (9th Cir. 2012) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claim where he "explicitly attack[ed] . . . the state court's application in his specific case of the statutory factors governing entitlement to DNA testing").

2.      The state action doctrine bars Scannell's antitrust claims. Under the state action doctrine, "the Sherman Act does not apply to certain categories of state action. . . . [O]ne of these categories is the regulation of attorneys by a state supreme court." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 608 (9th Cir. 2005), *as amended on denial of reh'g* (July 21, 2005). In suits against bar associations and members of the associations' governing bodies, the state supreme court is the real party in interest if it "retain[s] the sole authority" to review the action in question. *See Hoover v. Ronwin*, 466 U.S. 558, 573 (1984).

The conduct of which Scannell complains relates to the enforcement of the rules of professional conduct. The Washington Supreme Court promulgates the rules of professional conduct and retains ultimate authority to enforce them. *See*

3

Wash. Rule for Enforcement of Lawyer Conduct 2.1 (Oct. 1, 2002). As in *Hoover*, "[t]he action at issue here, whether anticompetitive or not, clearly was that of the [Washington] Supreme Court" and does not give rise to Sherman Act liability. *See Hoover*, 466 U.S. at 574.

3. The district court did not abuse its discretion by denying Scannell leave to file a fourth amended complaint based on undue delay and prejudice. Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing Fed. R. Civ. P. 15(a)). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Scannell unduly delayed in seeking leave to amend his complaint because: (1) his proposed complaint was based on previously available evidence; (2) he had three previous chances to amend; and (3) he filed his motion five days before the close of discovery. The late amendment would have unduly prejudiced defendants who had already filed a motion for judgment on the pleadings.

Each party shall bear its own costs.

**AFFIRMED.**