**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID FLORENCE, | No. 19-15679 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01383-AWI-JDP |
| v. | |
| S. FRAUENHEIM, Correctional Officer, Pleasant Valley State Prison; R. RESER, Correctional Officer, Pleasant Valley State Prison, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner David Florence appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging First

Amendment claims arising out of the confiscation of personal property. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Florence's First Amendment claims on the basis of qualified immunity because it would not have been clear to every reasonable prison official that confiscating CDs with explicit lyrics pursuant to a policy that prohibited prisoners from possessing media that promoted gang activity, violence, and criminal activity was unlawful under the circumstances. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) ("Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right."); *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009) ("A right is 'clearly established' when its contours are sufficiently defined, such that 'a reasonable official would understand that what he is doing violates that right.'" (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999))).

The district court properly dismissed Florence's due process, access-to-courts, and retaliation claims in the original and amended complaints for failure to state a claim. *See Byrd v. Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (standard of review); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (elements of a due process claim for property deprivation); *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (elements of an access-to-courts claim); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a

2                                                                                       19-15679

retaliation claim in the prison context).

The district court did not abuse its discretion in denying Florence's motion for leave to amend to add previously dismissed claims as well as new claims because amendment would have been futile. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (setting forth standard of review and factors to consider in denying a motion to amend).

Florence's motion to take judicial notice is denied as unnecessary.

**AFFIRMED.**

19-15679