**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 20 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RINCON MUSHROOM CORPORATION
OF AMERICA, a California corporation;
MARVIN DONIUS, a California resident,

      Plaintiffs-Counter-
      Defendants-Appellants,

  v.

BO MAZZETTI; JOHN CURRIER;
VERNON WRIGHT; GILBERT PARADA;
STEPHANIE SPENCER; CHARLIE KOLB;
DICK WATENPAUGH; TISHMALL
TURNER; STEVE STALLINGS; LAURIE
E. GONZALEZ; ALFONSO KOLB, Sr.;
MELISSA ESTES; RINCON BAND OF
LUISENO INDIANS, a federally recognized
Indian Tribe,

      Defendants-Counter-
      Claimants-Appellees,

  v.

COUNTY OF SAN DIEGO; SAN DIEGO
GAS & ELECTRIC COMPANY,

      Third-Party-Defendants-
      Appellees.

No.   23-55111

D.C. No.
3:09-cv-02330-WQH-JLB

MEMORANDUM[*]

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted May 20, 2024[**]
San Francisco, California

Before: GRABER and FORREST, Circuit Judges, and SELNA,[***] District Judge.

Marvin Donius, a non-Indian, owns a five-acre parcel of land (the Property) located within the Rincon Band of Luiseno Indians' (the Tribe) reservation in California. Rincon Mushroom Corporation of America (RMCA) has a financial interest in the Property. After the Tribe asserted regulatory jurisdiction over the Property, Donius and RMCA (collectively, Plaintiffs) sued, challenging the Tribe's regulatory authority. The tribal trial and appellate courts held that the Tribe has regulatory jurisdiction over the Property. Plaintiffs challenged the tribal court's decision in federal district court, which agreed with the tribal court and, consequently, recognized and enforced the tribal court's judgment. Plaintiffs appeal. We have jurisdiction under 28 U.S.C. §1291, and we affirm.

1. ***Personal Jurisdiction.*** Plaintiffs contend that the tribal court lacked personal jurisdiction over them. Plaintiffs raised this issue in a heading in their

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

summary judgment brief filed in the district court but did not develop the argument. The district court rejected this challenge, noting that "Plaintiffs do not explain the basis for their contention that the Rincon Tribal Court lacked personal jurisdiction over them." We conclude that the Plaintiffs' personal jurisdiction challenge is forfeited. *See, e.g.*, *Consumer Fin. Prot. Bureau v. Aria*, 54 F.4th 1173 (9th Cir. 2022) ("Because [the plaintiff] did not adequately raise these arguments to preserve them below, he has forfeited them."); *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018) ("A party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance warranting our exercise of . . . discretion.").

2. ***Subject Matter Jurisdiction of the Tribal Court.*** The second *Montana* exception provides that tribes have sovereign authority to regulate nonmembers' conduct on non-Indian land located within a reservation that "threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Montana v. United States*, 450 U.S. 544, 565–66 (1981). When a tribe has regulatory jurisdiction, tribal courts generally have adjudicatory jurisdiction to enforce those regulations. *See FMC Corp. v. Shoshone-Bannock Tribes*, 942 F.3d 916, 941 (9th Cir. 2019) (holding that "[a] tribe's adjudicatory jurisdiction over nonmembers may not exceed its regulatory jurisdiction," but "the existence of regulatory jurisdiction"—along with "the nature of the tribal sovereign interests,

3

long-standing principles of Indian law, and congressional interest in tribal self-government"—typically supports a finding of adjudicatory jurisdiction). Here, the tribal trial court found that it had subject matter jurisdiction under this principle, and both the tribal appellate court and federal district court agreed. For the reasons that follow, Plaintiffs' challenges to the tribal court's subject matter jurisdiction fail.

The tribal court found that (1) the Property's "condition" and "poor maintenance" posed a significant wildfire risk to the Tribe's nearby casino, which would be catastrophic to the Tribe's economic interests and (2) "the activities on [the] [P]roperty, if allowed to continue unchecked, bear a distinct possibility of damaging [the Tribe's] 'pristine' water table." Plaintiffs dispute these findings because the tribal court did not find that *actual* fire damage to the casino or contamination of the water table had occurred. But proof of existing harm is not required, *see Montana*, 450 U.S. at 566 (tribes have regulatory authority "when . . . conduct threatens *or* has some direct effect" on the tribe's welfare (emphasis added)), and Plaintiffs have not shown that the tribal court's findings regarding the threat of future harm are clearly erroneous, *see FMC*, 942 F.3d at 930 (stating standard). Moreover, we conclude that the possibility of wildfire damage to the tribe's primary source of income and contamination of its sole water source "threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe." *Lexington Ins. Co. v. Smith*, 94 F.4th 870, 875–

4

76 (9th Cir. 2024) (quoting *Montana*, 450 U.S. at 566). The Tribe's "economic security" hinges on the casino gaming operations that are its "major source of revenue." Likewise, "[t]hreats to tribal natural resources . . . constitute threats to tribal self-governance, health and welfare," *FMC*, 942 F.3d at 935, especially because the natural resource at issue here is the Tribe's "single water source," on which it is "dependent."

The tribal court also found that the local county would not regulate the Property because Indian reservations are exempt from the County's land use ordinances. This finding was supported by evidence and was properly considered by the tribal court. We conclude that the tribal court did not err in concluding that it had subject matter jurisdiction under the second *Montana* exception. *See Plains Com. Bank v. Long Fam. Land & Cattle Co.*, 554 U.S. 316, 341 (2008) (stating that the second *Montana* exception applies where "tribal power [is] necessary to avert catastrophic consequences" (citation omitted)).[1]

3.    ***Scope of the Injunction.*** Plaintiffs argue that even if the tribal court

---

[1]In 2017, the tribal trial court concluded it had subject matter jurisdiction. Then, in its 2019 judgment, it noted that its 2017 order "found jurisdiction need only be 'colorable or plausible.'" Plaintiffs correctly point out that the issue is not whether jurisdiction was "colorable or plausible," but whether it actually existed. And the 2019 order is particularly puzzling because the 2017 order does not reference the "colorable or plausible" standard. Regardless, we review the legal rulings on tribal jurisdiction de novo, *Lexington Ins. Co.*, 94 F.4th at 878, and we conclude, applying the correct legal standard, that the tribal court had jurisdiction.

5

had subject matter jurisdiction, the injunction that it entered was impermissibly overbroad. Plaintiffs did not challenge the operative injunction in the tribal appellate court; therefore, this issue is not properly before us. *See Elliott v. White Mountain Apache Tribal Ct.*, 566 F.3d 842, 846 (9th Cir. 2009) ("'Non-Indians may bring a federal common law cause of action under 28 U.S.C. § 1331 to challenge tribal court jurisdiction.' But a plaintiff must first exhaust tribal court remedies." (citation omitted)).

**4.** ***Leave to Amend.*** The district court denied Plaintiffs' motion to amend their complaint to add new parties because of undue delay and prejudice to the proposed defendants. On appeal, Plaintiffs challenge only the district court's finding of undue delay. Because the district court's prejudice finding is sound, *see AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952–53 (9th Cir. 2006), Plaintiffs' challenge fails, *see Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

**AFFIRMED.**