Nancy SCHULTZ, Plaintiff—Appellant,

v.

WAL–MART STORES, INC., Defendant—Appellee.

No. 02–35169.

D.C. No. CV 00–0259–N–EJL.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2003.*

Decided July 2, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

Before CUDAHY,** O'SCANNLAIN and GOULD, Circuit Judges.

MEMORANDUM ***

Nancy Schultz, an assistant manager for Wal–Mart in Sandpoint, Idaho, was discharged on September 8, 1998, allegedly for having expressed an intention to quit her job. Believing that the discharge was actually in retaliation for an earlier and pending discrimination action, Schultz filed an administrative complaint with the Idaho Human Rights Commission (IHRC) on September 3, 1999, 360 days after her discharge. On February 17, 2000, the IHRC issued Schultz a notice of administrative closure and right to sue, also notifying Schultz that she had 90 days to file a lawsuit. On May 15, 2000, just within the 90 days, Schultz filed suit against Wal–Mart in the District of Idaho, alleging that her discharge constituted unlawful retaliation in violation of § 704(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3. Her complaint did not include any state law claims.

On January 8, 2001, the district court issued a Scheduling Conference Order, which directed the parties to complete any amendments of pleadings by April 6, 2001, to complete discovery by September 7, 2001 and to file any pre-trial motions by October 19, 2001. The parties had mutually agreed to waive the discovery deadline and were actively conducting discovery when, on October 19, 2001, Wal–Mart filed a motion for summary judgment on the ground that Schultz failed to file her administrative complaint within the 300 days

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

allowed under 42 U.S.C. § 2000e–5(e)(1). Schultz then immediately moved to amend her complaint to include claims under state law, Idaho Code § 67–5911, which allows a more generous 365 days to file an administrative complaint (her complaint was filed at the 360 day mark), § 67–5907(1). Schultz's counsel explained in the motion that he had originally omitted the state law claim because he was "convinced that the remedies available to Ms. Schultz were better under Title VII" and was "unaware of any differences in the procedural prerequisites to filing an action under one statute or the other." Lacy Aff. at 2 para. 5, Record at 18. Schultz's counsel blamed in part Wal–Mart's delay in filing its summary judgment motion for his delay in moving to amend the complaint. *Id.* at 3–4 paras. 8–9. Additionally, Schultz argued in opposition to the summary judgment motion that Wal–Mart's delay in filing its summary judgment motion waived any defense raising Schultz's failure to file her administrative complaint in time.

The district court noted in its decision two problems with Schultz's late motion to amend. First, the time limit for filing a complaint under the state law had already run. As Schultz was fully aware, Idaho law allows discrimination complainants 90 days after the receipt of a right to sue letter to file a court action. While Schultz did meet that requirement initially (her original complaint was filed just within that 90 day time limit), the motion to amend came well over a year after the right to sue letter had been issued. The second problem was that Schultz's counsel had made a conscious decision not to pursue the state law claim when she filed her original complaint. The district court was "unwilling to … exercise its discretion … in order to salvage a claim that was deliberately not pursued." District Court Order at 5. The district court also rejected

Schultz's waiver argument, and granted summary judgment to Wal–Mart.

Federal Rule of Civil Procedure 15(a) instructs us that "leave [to amend] shall be freely given when justice so requires." "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). " 'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" *Id.* at 181–82, 83 S.Ct. 227 (quoting *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The strong policy permitting amendment is to be applied with "extreme liberality." *Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir.2003) (citation omitted). Factors which merit departure from the usual "[l]iberality in granting a plaintiff leave to amend" include bad faith and futility. *Bowles v. Reade,* 198 F.3d 752, 757 (9th Cir.1999). In addition, we have held that undue delay alone is insufficient to justify denying a motion to amend. *Id.* at 758; *see also Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 713 (9th Cir.2001) (applying this rule from *Bowles* and affirming a leave to amend).

If Rule 15(a) were the applicable Federal Rule of Civil Procedure in this case, Schultz would have a strong argument for reversal. Indeed, the briefs from both parties almost exclusively discuss Rule 15(a) case law, under which the lack of bad

faith, futility and prejudice here would argue that we instruct the district court to grant Schultz's motion to amend. There was no bad faith on the part of Schultz's counsel, but only a mistake borne of carelessness or ignorance. There is no futility because Fed.R.Civ.P. 15(c)(2) relates an amendment of a pleading back to the date of the original pleading, as long as "the claim or defense asserted in the [proposed amendment] arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Since Schultz's state and federal claims are substantially similar, *see* Idaho Code § 67–5901 ("The general purposes of this act are: (1) To provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964...."); *Hoppe v. McDonald,* 103 Idaho 33, 644 P.2d 355, 358–59 (1982) (looking to federal discrimination law in enforcing a state discrimination claim), the state law claim would not have been time barred had the amendment been allowed. And there is no prejudice, also because the state and federal claims are so similar, and no additional discovery would be required. *See also DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987) ("The party opposing amendment bears the burden of showing prejudice."); *Eminence Capital,* 316 F.3d at 1052 (citing *DCD Programs* ).

The applicable standard here, however, is not limited to Rule 15(a), but implicates Rule 16(b), because Schultz's motion to amend came after the deadline provided by the Scheduling Conference Order.[1] *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir.2000); *Johnson v.*

*Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992); *see also S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535–36 & n. 1 (5th Cir.2003) (agreeing with the First, Second, Eighth, Ninth and Eleventh Circuits that Rule 16(b) trumps Rule 15(a) when a motion to amend comes after the deadline set forth in a scheduling order). Under Rule 16(b), a party must show good cause for not having amended its complaint before the time specified in the scheduling order expired. Scheduling Conference Order at 1, Record at 10; *Coleman,* 232 F.3d at 1294. The district court is given broad discretion in this area, and its decision regarding the preclusive effect of a pretrial order will not be disturbed unless it evidences a clear abuse of discretion. *Johnson,* 975 F.2d at 607.

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.... Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end." *Id.* Although the district judge did not specifically cite Rule 16 in his order, he did cite the appropriate legal standard of good cause in the Sched-

---

1. We have considered whether Wal–Mart's failure to cite Rule 16 and the relevant case law constitutes a waiver of that argument. However, because Wal–Mart noted the problem of the scheduling order in both its Memorandum in Opposition to Plaintiff's Motion to Amend Complaint, Record at 21, and in its appellate brief, Wal–Mart Br. at 9–10, and because we may affirm the district court on any ground supported by the record, *Cardenas v. Anzai,* 311 F.3d 929, 938–939 (9th Cir. 2002), we must consider whether the district judge's exercise of discretion may be justified under this appropriate legal standard.

uling Conference Order itself, Record at 10. Also, the judge's stated reason for denying Schultz's motion to amend suggests to us that good cause and diligence were the decisive factors. District Court Order at 5 ("The Court is unwilling to ... exercise its discretion ... in order to salvage a claim that was deliberately not pursued."). Such a refusal to waive the binding timeline of the scheduling order was well within the district court's discretion.

Also within the district judge's discretion was his rejection of Schultz's argument that the amendment should be permitted because Wal–Mart may have deliberately delayed its summary judgment motion in order to "run the clock" on the time Schultz had to file any motions to amend her complaint. Even if Wal–Mart's delay were in some way insidious, it did not, strictly speaking, *cause* Schultz's failure to timely file a motion to amend. Schultz's counsel was not prevented from diligently re-assessing her complaint in the meantime and discovering the time bar problem of the federal claim. Indeed, Wal–Mart's answer, filed before the Scheduling Conference Order was in place, and well before the time for amending pleading had run, provided notice of the problem to Schultz. Answer to Complaint at 3, Record at 5. Had Schultz, upon receiving word of Wal–Mart's pleaded affirmative defense, then promptly moved to amend her complaint, her motion to amend would have been considered under the lenient standard of Rule 15(a) rather than the stricter standard of Rule 16(b). There was no abuse of discretion in the district court's rejection of Schultz's argument that Wal–Mart's delay in bringing its summary judgment motion provided good cause for her delay in moving to amend her complaint.

Schultz also argued before the district court and argues on appeal that her federal claim should survive because of Wal–Mart's delay in bringing its summary judgment motion. As Schultz argues in the alternative, Wal–Mart should be considered to have waived its time bar defense, Wal–Mart should be estopped from asserting the defense or we should equitably toll the requirement on Schultz to file her administrative complaint timely under 42 U.S.C. § 2000e–5(e)(1), all because Wal–Mart postponed its summary judgment motion. We decline, as the district court did, to provide such relief. There was clearly no waiver of Wal–Mart's time bar defense since Wal–Mart first raised that defense in its answer to Schultz's complaint. While we do not know the reason for Wal–Mart's delay in bringing its summary judgment motion, this delay (which did not exceed the deadline set in the scheduling order) did not waive the defense that it presented. Moreover, Wal–Mart's delay in filing its summary judgment motion simply had nothing to do with Schultz's failure to file her administrative complaint on time. Indeed, the deadline for filing Schultz's administrative complaint fell more than two years before Wal–Mart's summary judgment motion was filed. The lack of causation makes estoppel or tolling inappropriate.

AFFIRMED.