NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR LOPEZ, | No.   18-55520 |
| Plaintiff-Appellant, | D.C. No. 8:17-cv-00297-VBF-MRW |
| v. | |
| COSTA MESA POLICE DEPARTMENT; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted February 4, 2020**

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Arthur Lopez appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging violations of the Fourth and Fourteenth Amendments arising from a traffic stop.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Blankenhorn v. City of Orange*, 485 F.3d 463, 470

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Lopez's Fourth Amendment claim for defendants because Lopez failed to raise a genuine dispute of material fact as to whether defendants lacked reasonable suspicion to stop his vehicle or were unjustified in impounding the vehicle or conducting an inventory. *See Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (holding that to conduct a traffic stop "officers need only reasonable suspicion—that is, a particularized and objective basis for suspecting the particular person stopped of breaking the law" (internal quotation marks omitted)); *United States v. Torres*, 828 F.3d 1113, 1120 (9th Cir. 2016) ("Once a vehicle has been legally impounded, the police may conduct an inventory search without a warrant."); *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("The violation of a traffic regulation justifies impoundment of a vehicle if the driver is unable to remove the vehicle from a public location without continuing its illegal operation.").

The district court properly granted summary judgment on Lopez's Fourteenth Amendment claim for defendants because Lopez failed to raise a genuine dispute of material fact as to whether defendants acted with discriminatory purpose. *See Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) ("To avoid summary judgment, [the nonmoving party] 'must produce evidence sufficient to permit a reasonable trier of fact to find by a preponderance of the evidence that the

decision was racially motivated.'" (citations and internal quotations marks omitted)).

The district court did not abuse its discretion in denying Lopez's motion to amend his complaint to add claims against other potential defendants because those claims were futile. *See Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999) (setting forth standard of review and factors for denial of a motion to amend).

The district court did not abuse its discretion in denying Lopez's motion to amend to add claims under 42 U.S.C. § 1985 because the amendment would have prejudiced defendants and caused undue delay in the litigation. *See id*.

The district court did not abuse its discretion in denying Lopez's motions for appointment of counsel because Lopez was able to articulate his claims and was unlikely to succeed on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and discussing factors to consider in ruling on a motion to appoint counsel).

The district court did not abuse its discretion in denying Lopez's motion to recuse District Judge Fairbank and Magistrate Judge Wilner because Lopez failed to demonstrate that a reasonable person would believe that either judges' impartiality could be questioned. *See United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (setting forth standard of review and discussing standard for recusal under 28 U.S.C. §§ 144 and 455).

18-55520

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Lopez's motion for judicial notice is denied.

**AFFIRMED.**

18-55520