**J.C. EAGLESMITH, Plaintiff–Appellant,**

v.

**Jack WARD, Mendocino County Superintendent of Schools, Defendant–Appellee.**

No. 94–15419.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 14, 1995.

Memorandum Nov. 6, 1995.

Order and Opinion Decided Dec. 29, 1995.

As Amended Jan. 23, 1996.

Jack Siedman, Bolinas, California, for plaintiff-appellant.

Nancy L. Klein, Lozano Smith Smith Woliver & Behrens, San Rafael, California, for defendant-appellee.

Before: D.W. NELSON, T.G. NELSON, Circuit Judges and S.P. KING,* Senior District Judge.

## ORDER

The memorandum disposition, filed November 6, 1995, is redesignated as an authored opinion by Judge D.W. Nelson, Circuit Judge.

## OPINION

D.W. NELSON, Circuit Judge:

Appellant J.C. Eaglesmith appeals the district court's dismissal of his action pursuant to 42 U.S.C. § 1983 against Jack Ward, Mendocino County Superintendent of Schools, in which he alleged that Ward discriminated against him on account of his race and religion, and constructively discharged him as coordinator of the county's Title VII Native American Bilingual Program. Eaglesmith argues on appeal that (1) he sued Ward in his individual capacity, (2) Ward is not a state agent entitled to Eleventh Amendment immunity, and (3) he should be granted leave to amend his complaint to clarify that he is suing Ward in his individual capacity.

The district court held that Eaglesmith brought his § 1983 claim against Ward in his official capacity as school superintendent, that Ward is entitled to Eleventh Amendment immunity, and that Eaglesmith's request for leave to amend the complaint is time-barred. Because both parties are familiar with the procedural and factual background of this case, we will not repeat it here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

## I. WHETHER EAGLESMITH SUED WARD IN HIS OFFICIAL OR PERSONAL CAPACITY

The threshold question in this case is whether Eaglesmith brought this suit against Ward in his individual or official capacity. Ward is entitled to Eleventh Amendment immunity only if the suit was brought against him in his official capacity. *See Hafer v. Melo*, 502 U.S. 21, 27, 112 S.Ct. 358, 362–63, 116 L.Ed.2d 301 (1991). We review de novo whether a party is immune from suit under the Eleventh Amendment. *Harrison v. Hickel*, 6 F.3d 1347, 1352 (9th Cir.1993).

In determining whether a suit is an individual- or official-capacity suit, the court must consider the "essential nature" of the proceeding. *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). Eaglesmith argues that the essential nature of the proceeding indicates his intent to sue Ward in his individual capacity. We agree with the district court, however, that the stipulation filed by the parties to dismiss certain defendants, "leaving Jack Ward, *in his official capacity* as Mendocino County Superintendent of Schools, as the only remaining defendant" clearly indicates that Eaglesmith brought this suit against Ward in his official capacity. Our holding is based not only upon the stipulation but also upon correspondence between Ward's and Eaglesmith's counsel indicating that Ward's agreement to the stipulation was explicitly conditioned upon the inclusion of the phrase, "in his official capacity," after Ward's name.

## II. IS WARD ENTITLED TO IMMUNITY UNDER THE ELEVENTH AMENDMENT?

The Eleventh Amendment provides that the power of the federal judiciary "shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. This immunity extends to suits brought against a state by its own citizens. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). Because this suit is

---

* The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by desig-    nation.

against Ward in his official capacity, if the Mendocino County Office of Education ("MCOE") is a state agency, Ward is entitled to Eleventh Amendment immunity. *See Hafer,* 502 U.S. at 27, 112 S.Ct. at 362–63.

This court applies a five-factor test to determine whether a government entity is a state agency for Eleventh Amendment purposes: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued in its own name; (4) whether the entity has the authority to hold property in its own name; and (5) whether the entity has the corporate status of a state agency. *Belanger v. Madera Unified School Dist.,* 963 F.2d 248, 250–51 (9th Cir.1992), *cert. denied,* 507 U.S. 919, 113 S.Ct. 1280, 122 L.Ed.2d 674 (1993). In *Belanger,* we held that a California school district is a state agency for Eleventh Amendment purposes. *Id.* at 254. Here, we hold that the MCOE is also a state agency.

Although the MCOE, like a California school district, may sue and be sued and may hold property in its own name, militating against a finding that it is a state agency, these two factors are not entitled to as much weight as the other three. *Id.* Here, as in *Belanger,* a money judgment would be satisfied out of state funds. *Id.* at 252. In addition, public school education is a central government function and the MCOE is an integral part of that function. *Id.* at 253. Finally, the fifth factor, corporate status of state agents, offers no basis for distinguishing *Balenger* from this case. The MCOE, like the school district in *Balenger,* has the corporate status of an agent of the state for the operation of the school system. *Id.* at 254. As a result, Ward is entitled to immunity under the Eleventh Amendment.

## III. DENIAL OF LEAVE TO AMEND COMPLAINT

Eaglesmith argues that the district court erred in denying his request for leave to amend his complaint in order to bring his § 1983 claim against Ward in his individual capacity. We review de novo a dismissal without leave to amend. *Polich v. Burling-*

*ton Northern, Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991). We review denial of a relation back amendment pursuant to Fed.R.Civ.P. 15(c) for an abuse of discretion. *Louisiana–Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 434 (9th Cir.1993).

Under Rule 15(c), an amendment seeking to change a party relates back to the date of the original complaint if (1) the amendment arose out of the same conduct or transaction as the original complaint and (2) the party being added had notice and is not prejudiced by the amendment. *See Percy v. San Francisco General Hosp.,* 841 F.2d 975, 978 (9th Cir.1988). Eaglesmith argues that he should have been granted leave to amend his complaint because he is only seeking to clarify the capacity in which Ward is being sued, and the conduct and transaction involved in the suit remain the same. He asserts that because he has consistently argued that Ward is personally liable for the alleged wrongful conduct, Ward has had sufficient notice of his personal liability.

However, we have held that new service within the statute of limitations is necessary in order to satisfy the due process requirement of notice when there is to be a change in the status of defendants. *Jackson v. Hayakawa,* 682 F.2d 1344, 1348 (9th Cir.1982). Because Eaglesmith did not serve Ward with new notice of the change in status within the statute of limitations, we hold that the district court properly denied Eaglesmith's request for leave to amend the complaint.

## IV. ATTORNEYS' FEES

We deny Ward's request for attorneys' and expert fees on appeal pursuant to 42 U.S.C. § 1988, for sanctions pursuant to Circuit Rule 30–2, and for damages and double costs under Fed.R.App.P. 38.

AFFIRMED.