122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence N. FREY, Plaintiff-Appellant,
v.
UNITED STATES of America; Janet Reno, Attorney General;
Michael J. Yamaguchi, U.S. Attorney; U.S. Department of
Agriculture; Richard Rominger, James Ware, Spencer
Williams, Judge, Patricia Trumbull, Magistrate; Daniel E.
Lungren; California Department of Agriculture; Henry Voss,
Director; Superior Court of California, Santa Clara County;
Municipal Court of Santa Clara County; Public Defender of
Santa Clara County; George Kennedy; Robert Ambrose;
Thomas Cain, Municipal Court Judge; Bob Weeks; Stephanie
Glass; The County of Santa Clara; Board of Supervisors of
Santa Clara County; Charles Gillingham; City of San Jose;
Jeff Lee; S.J. Mercury News; Dale Rodebaugh; Sally
Rodemaker; Gina Boubion; Roberts Enterprises; Critter
Corners, Rabbit Connection; Margie Wilson; Santa Clara
Valley Humane Society, Christine Arnold; Michael S. Frazer;
Betty Snowden; John Murphy; Tomo Hisamoto; Daniel Ojeda,
Jacquelyn Wilson; Thelton E. Henderson; Ronald M. Whyte;
District Attorney's Office of Santa Clara County; Deloras
Carr; Marilyn Masciarelli; Nazario Gonzales; Jack Komar;
Robert Foley; Kevin Murphy; Nancy Brewer; Michael Reilly;
Marsha Gitelman; Michelle Morgan; Julie Morella; Ken
Twawroski; Tracy Chen; Betty Chu; Mark Soto; Christina
Warcholsky; Don Roberts; Sandra Roberts, Defendants-Appellees.
 No. 95-17397.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1997**
Sept. 5, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California Susan Yvonne Illston, District Judge, Presiding
 
 
 2
 Before FLETCHER and REINHARDT, Circuit Judges, and WARDLAW,***, District Court Judge
 
 
 3
 MEMORANDUM*
 
 
 4
 Appellant Lawrence N. Frey appeals the dismissal of his complaint without leave to amend. He alleged violations of his constitutional and statutory rights arising from the seizure of his raboits by animal control officers.
 
 
 5
 On January 20, 1995, pursuant to local and state laws designed to protect animals against abuse, neglect, and mistreatment, local officials entered his property at 1102 El Prado Drive, San Jose, CA, with a warrant, confiscated his animals, and instituted criminal proceedings.[1] Frey contends that the animals were rightfully his property and part of his "animal enterprise." On January 27, 1995, appellant was convicted of felony animal abuse in state court.
 
 
 6
 Or February 27, 1995, Appellant, acting pro se, filed a complaint in federal district court, alleging, inter alia, fraud and violations of the federal Constitution, various civil rights statutes, the Sherman Act, the RICO Act, and the California Penal Code. On May 10, 1995, Judge Ronald M. Whyte granted defendants' motion to dismiss without prejudice, notified Frey of the deficiencies in his complaint, and granted him 20 days to amend his complaint. On May 25, 1995, Frey filed a document entitled "First Amended Supplemental Complaint."
 
 
 7
 Rather than amending his complaint to be more concise and coherent, Frey's supplemental complaint contained an additional 30 pages. The court then dismissed the complaint with prejudice.
 
 
 8
 We review de novo dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Stone v. Travelers Corp., 58 F.3d 434, 436-47 (9th Cir.1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996). Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir.1996) (internal quotations omitted). A dismissal without leave to amend is reviewed de novo. Eaglesmith v. Ward, 73 F.3d 857, 860 (9th Cir.1996). A court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir.1995).
 
 
 9
 This court has jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Discussion
 
 10
 The fundamental requirements of pleading in the federal courts, as stated in Rule 8 of Federal Rules of Civil Procedure, are that "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must, in other words, give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir.1984).
 
 
 11
 The district court properly dismissed Frey's complaint, which consists of 30 largely incomprehensible pages of vague, nonspecific allegations. It contains neither a cognizable legal theory or sufficient facts to state a cognizable legal claim as required by Federal Rule of Civil procedure 12(b)(6). Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984). Although a pro se complaint is held to a less stringent standard than pleadings drafted by lawyers, Jones, 733 F.2d at 649, this is a complaint upon which it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir1992) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).
 
 
 12
 In his May 10 Order of Dismissal, Judge Whyte clearly articulated the deficiencies in Frey's complaint, meeting the requirements of Noll v. Carlson, 809 F.2d 1446, 1448--49 (9th Cir.1987), which require that a pro se plaintiff be notified of the deficieacies of the complaint. Prey's subsequent complaint did not cure the deficiencies.
 
 Conclusion
 
 13
 We therefore affirm the dismissal of the complaint with prejudice.
 
 
 14
 AFFIRMED.
 
 
 
 **
 Submitted on the briefs as to all parties not appearing at argument
 
 
 **
 * Honorable Kim McLane Wardlaw, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Cal.Penal Code § 830.9 designates Animal Control officers as having the power to serve warrants as provided in Penal Code § § 1523 and 1530 (West 1997)