**Donald J. MELLO, Plaintiff–Appellant,**

v.

**State of NEVADA; et al., Defendants–Appellees.**

No. 01–15207.

D.C. No. CV–99–00562–ECR.

United States Court of Appeals, Ninth Circuit.

March 11, 2002.*

Decided March 19, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

MEMORANDUM **

Donald J. Mello appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendants violated his civil rights in connection with his resignation from office as the Director of the State of Nevada Administrative Office

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

of the Courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Clinton v. Babbitt,* 180 F.3d 1081, 1086 (9th Cir.1999). We affirm.

The district court did not err by dismissing the State of Nevada on grounds of Eleventh Amendment immunity. *See Eaglesmith v. Ward,* 73 F.3d 857, 859 (9th Cir.1995). To the extent Mello sued state employees Crews, Neil and Rohrs in their official capacities, the Eleventh Amendment barred suit against those defendants. *See id.* To the extent Mello sued Crews, Neil and Rohrs in their individual capacities for reporting accounting irregularities to the state legislature, we agree with the district court that the first amended complaint failed to allege any violations of Mello's constitutional rights.

The district court did not err by dismissing Mello's 42 U.S.C. § 1985 claim because the first amended complaint did not name any federal official as a defendant, allege a class-based animus, or allege denial of access to a state or federal court. *See Portman v. County of Santa Clara,* 995 F.2d 898, 908–09 (9th Cir.1993); *Canlis v. San Joaquin Sheriff's Posse Comitatus,* 641 F.2d 711, 718, 720 (9th Cir.1981). Furthermore, Mello's 42 U.S.C. § 1986 claim fails because one of its requirements is a viable 42 U.S.C. § 1985 claim. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 626 (9th Cir.1988).

Mello's contentions that the district court should have allowed him to amend his first amended complaint, and should have provided instructions how to amend, lack merit because Mello was represented by counsel in the district court and the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

record indicates that further amendment would have been futile. *See id.* at 623–24.

We have considered Mello's contentions regarding incorrect statements by the district court and alleged improprieties by the Nevada Legislature, and conclude that they are unpersuasive.

We deny all pending motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.