Keith J. THOMPSON, Plaintiff–
Appellant,

v.

NATIONAL MEDIATION BOARD, Special Board of Adjustment No 928, Washington D.C. 20572–0002, Defendant,

and

National Railroad Passenger
Corporation, Defendant–
Appellee.

No. 01–35866.
D.C. No. CV–99–01616–RSL.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 19, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

■ Keith J. Thompson appeals pro se the district court's order dismissing as untimely his action seeking judicial review of an arbitrator's award, and the district court's order denying reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

We review de novo dismissal based on statutes of limitations. *Papa v. United States,* 281 F.3d 1004, 1009 (9th Cir.2002). We review for abuse of discretion a district court's decision whether to allow relation back of an amendment adding or substituting a defendant, *Eaglesmith v. Ward,* 73 F.3d 857, 860 (9th Cir.1995), and whether to grant reconsideration, *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 883 (9th Cir.2000).

■ An amended complaint naming a new party relates back to the filing date of the original complaint if it arose from the same conduct or transaction, and within 120 days of the original complaint, the new party had notice of the litigation such that it would not be prejudiced, and knew or should have known it was the proper defendant. *See* Fed.R.Civ.P. 15(c); *G.F. Co. v. Pan Ocean Shipping Co. Ltd.,* 23 F.3d 1498, 1501 (9th Cir.1994).

Thompson's original district court complaint, filed within the two year statute of limitations, named the National Mediation Board ("NMB") as the sole defendant. *See* 45 U.S.C. § 153 First (r). Thompson's amended complaint, filed outside the statute of limitations, properly named his former employer, the National Railroad Passenger Corporation ("Amtrak"), as the defendant.

In holding Thompson's amended complaint did not relate back to the date of his original complaint, the district court failed to consider the 1991 amendments to Fed.

R.Civ.P. 15(c). *See* Fed.R.Civ.P. 15 advisory committee's note; *see also G.F. Co.,* 23 F.3d at 1500–1501 (discussing the effect of the 1991 amendments to Rule 15(c)). The amended rule requires notice to the new party within 120 days of filing the original complaint, not merely within the statute of limitations. *Id.*

With his motion for reconsideration, Thompson submitted a letter from the National Mediation Board (NMB), stating that NMB had obtained the arbitration record from Amtrak, suggesting Amtrak may have had notice of Thompson's suit within the period for relation back. Thompson did not receive the letter from NMB until after the district court's order of dismissal. The district court abused its discretion in finding Thompson had failed to exercise due diligence in procuring the evidence, and consequently in refusing to consider the evidence. *See Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990) (per curiam).

We vacate the district court's order of dismissal, and remand for a determination of whether Amtrak was put on notice of the litigation, and knew or should have known that it was a proper defendant, within 120 days of the filing of Thompson's original complaint.

Amtrak's argument that Thompson failed to present evidence establishing any grounds for judicial review of the arbitrator's award is more properly considered by the district court in the first instance on remand.

Each party is to bear their own costs on appeal.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.