**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILANNE D. BARTO,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>DAVID MIYASHIRO, In his official capacity as Superintendent Cajon Valley Union School District; JAMES MILLER, each in their official capacity as Trustee of Cajon Valley Union School District Board of Trustees; JO ALEGRIA; TAMARA OTERO; KAREN CLARK-MEJIA,<br><br>    Defendants-Appellees,<br><br> and<br><br>DOES, 1-50, inclusive,<br><br>    Defendant. | No. 21-56223<br><br>D.C. No.<br>3:19-cv-02261-WQH-KSC<br><br>MEMORANDUM[*] |

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 17, 2022[**]
Pasadena, California

Before: TASHIMA and NGUYEN, Circuit Judges, and FITZWATER,[***] District Judge.

Jilanne D. Barto brought this action under 42 U.S.C. § 1983 against Appellees David Miyashiro, in his official capacity as Superintendent of Cajon Valley Union School District ("CVUSD"), and James Miller, Jo Alegria, Tamara Otero, and Karen Clark-Mejia, in their official capacities as members of the CVUSD Board of Trustees ("Board"). Barto appeals the district court's grant of summary judgment in favor of Appellees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to grant summary judgment. *Weiner v. San Diego County*, 210 F.3d 1025, 1028 (9th Cir. 2000). We also review de novo whether a party is immune from suit under the Eleventh Amendment. *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). We affirm.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

California school districts are "arms of the state" entitled to sovereign immunity under the Eleventh Amendment. *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017). Thus, the Eleventh Amendment bars suits against school district officials sued in their official capacities. *See Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1996). However, the *Ex Parte Young* exception to Eleventh Amendment immunity, 209 U.S. 123, 159–60 (1908), applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (cleaned up).

Barto argues that the *Ex Parte Young* doctrine applies here. She alleges that Appellees acted in concert to chill her First Amendment rights in retaliation for publicly questioning Appellees' actions and expenditures of CVUSD funds. And she requests permanent injunctive relief restraining them from their allegedly retaliatory activities. But even assuming *arguendo* that the relief Barto seeks is prospective, Barto cannot show an ongoing violation of the First Amendment.[1]

To bring a claim for prospective injunctive relief, a plaintiff "must identify a

---

[1] We granted Appellees' motion to take judicial notice of a public record showing that Barto withdrew her name as a candidate for the November 8, 2022 election for Cajon Valley Union Trustee Area No. 2. Dkt. No. 38. While Barto's withdrawal raises doubt as to whether the relief she seeks remains prospective, we need not reach this question because Barto, in any event, cannot show an ongoing violation of federal law.

practice, policy, or procedure that animates the constitutional violation at issue."

*Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016)

(citing *Hafer v. Melo*, 502 U.S. at 25 (1991)); *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 690 & n. 55 (1978)). In the analogous context of municipal liability for § 1983 claims, plaintiffs can establish liability in one of three ways: (1) by proving that an employee committed the violation pursuant to a formal policy or longstanding practice or custom that constitutes the standard operating procedure of the governmental entity; (2) by establishing that the individual who committed the constitutional tort was an official with final policy-making authority; or (3) by proving that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it. *Gillette v. Delmore,* 979 F.2d 1342, 1346–47 (9th Cir. 1992) (citing *Monell*, 436 U.S. at 690–91, and its progeny). Here, Barto unavailingly relies on the first two theories.

Barto failed to point to any record evidence that Appellees acted pursuant to a policy or longstanding custom to violate Barto's First Amendment rights. *See Lacey v. Maricopa County*, 693 F.3d 896, 916 (9th Cir. 2012) (cleaned up). And while the Board as an entity exercised final policy-making authority based on a majority vote, there is no evidence in the record that any of the Trustees named as defendants could make a "final decision" that "may appropriately be attributed to

4

the District." *Lytle v. Carl*, 382 F.3d 978, 983 (9th Cir. 2004). Neither has Barto shown that Miyashiro had or was delegated final policy-making authority as District Superintendent. State law does not provide such authority to Miyashiro, who was hired and supervised by the Board of which Barto is a member. *See* Cal. Educ. Code §§ 35026, 35250, 35035; *Lytle*, 382 F.3d at 982–83 ("A municipal employee may act as a *de facto* policymaker under § 1983 without explicit authority under state law, but [the court] is ordinarily not justified in assuming that municipal policymaking authority lies somewhere else than where the applicable law purports to put it." (cleaned up)). The record evidence confirms that Miyashiro did not make decisions that were final, unreviewable, and unconstrained by Board policies. *See City of St. Louis v. Prapotnik*, 485 U.S. 112, 127 (1988) (plurality opinion).

There is no triable issue of fact that would warrant reversal of the summary judgment. While Barto sometimes opposed proposals from Miyashiro and her colleagues on the Board, she often voted for the kinds of fiscal expenditures she alleges were the basis for Appellees' retaliation. Further, she has not pointed to any evidence connecting her legislative activities to actions allegedly taken against her. Based on the record, the Board made decisions as a majority body pursuant to Board policies that applied to all Trustees.

**AFFIRMED.**

5