NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES WILLIAMS, | No. 21-16092 |
| Plaintiff-Appellant, | D.C. No. 4:20-cv-04348-YGR |
| v. | |
| CRAIG KOENIG, Acting Warden, CTF; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 28, 2024**
San Francisco, California

Before: PAEZ, NGUYEN, and BUMATAY, Circuit Judges.
Dissent by Judge BUMATAY.

Plaintiff James Williams is incarcerated in California state prison. In this

action, Williams alleges that prison employees ("Defendants") violated the

Americans with Disabilities Act (ADA) by failing to grant him a "Lower Bunk

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Order" that would permit him to reside and sleep in a lower bunk of a bunk bed. Williams alleges that he suffers from chronic back pain, and that climbing up to and sitting on the top bunk exacerbated that pain.

In a pre-service screening order issued pursuant to 28 U.S.C. § 1915A, the district court dismissed Williams's complaint with leave to amend. Williams filed a notice of appeal along with a motion indicating that he did not intend to amend. The district court dismissed Williams's complaint pursuant to Federal Rule of Civil Procedure 41(b). Williams appealed, arguing that the district court erred in dismissing his ADA claim for failure to state a claim.[1]

We review de novo a district court's screening dismissal under 28 U.S.C. § 1915A. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). We review a district court's Rule 41(b) dismissal for an abuse of discretion. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999). We liberally construe the pleadings of pro se plaintiffs. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further proceedings.

1. The district court abused its discretion by dismissing Williams's

---

[1] Williams's complaint also alleged a claim of deliberate indifference under the Eighth Amendment, but he does not challenge the district court's ruling as to that claim on appeal.

2

complaint under Federal Rule of Civil Procedure 41(b).[2]  The district court's

screening order dismissing Williams's complaint with leave to amend informed

Williams that he "may, but is not required to, file an amended complaint . . . if he

truthfully can do so."  Rather than amend his complaint, Williams attempted to

appeal the district court's decision to this court, which dismissed the appeal for

lack of jurisdiction.  *See* No. 21-16092, ECF No. 2.  On remand, Williams filed

another notice of appeal, this time accompanied by a contemporaneous motion

asking the "court to finalize the Judgment . . . so that plaintiff may appeal."  This

was all Williams was required to do to obtain a final judgment.  *See WMX Techs.,*

*Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc)).  The district court's

June 7 order stating that Williams had "not filed any further communications with

the Court since his February 12, 2021 Notice of Appeal" appears to have

erroneously overlooked Williams's notice and motion, which was docketed by the

court on June 3, three days earlier.  Williams's decision to forgo amending his

complaint and instead test its adequacy on appeal "was perfectly proper, and was

not sanctionable" under Rule 41(b).  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058,

---

[2] Although Williams did not challenge the district court's Rule 41(b) ruling in his opening brief, we may nevertheless consider the issue because it was raised in Defendants' answering brief and Defendants consequently suffered no prejudice as a result of Williams's failure to raise the issue.  *See Koerner v. Grigas*, 328 F.3d 1039, 1048–49 (9th Cir. 2003) (describing circumstances in which court may consider argument otherwise waived).

1063 (9th Cir. 2004). We therefore hold that the district court abused its discretion in dismissing Williams's complaint under Rule 41(b).

2. The district court erred in dismissing Williams's ADA claim at the screening stage. To establish an ADA violation, Williams must show: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks omitted). The district court concluded that "Williams does not allege facts suggesting that he is an individual with a disability such that he would be a proper plaintiff to assert an ADA claim." In other words, the district court found that Williams's claim failed at the first prong.

But a liberal reading of Williams's complaint compels us to reach the opposite conclusion. The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities . . . (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102. "The question of whether an individual meets the definition of disability . . . should not demand extensive analysis." 29 C.F.R. § 1630.1(c)(4). Major life activities include, but are not limited to, "caring for

4

oneself, seeing, hearing, eating, sleeping, walking, standing, lifting, bending . . . and working." *Nunies v. HIE Holdings, Inc.*, 908 F.3d 428, 436 (9th Cir. 2018) (citing 42 U.S.C. § 12102(1)(A)). Williams argues that he has an actual disability because the conditions affecting his back "significantly affected [his] daily activities." His complaint specifically alleged that he is sometimes "unable to stand straight" or "walk normal without severe pain," that he "awakes in pain," and that he has "mobility issues with twisting, turning, jumping . . . and the inability to sneeze and walk normal[ly]." The documentary evidence attached to his complaint includes medical records that reflect various issues Williams experienced in relation to his back pain as well as diagnoses by treating physicians. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached documents . . . [t]hese documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." (citation omitted)). Taken together, this is more than enough to plausibly allege that Williams suffers from a condition that substantially impairs major life activities. *See Nunies*, 908 F.3d at 436 (holding "a stabbing pain when raising one's arm above chest height substantially limits the major life activity of lifting and possibly working").

The district court did not address the other two elements of Williams's ADA claim: that "(2) he was either excluded from participation in or denied the benefits

5

of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." *Duvall*, 260 F.3d at 1135. Upon *de novo* review, we find that Williams has adequately pleaded those elements.

"[T]he ADA's broad language brings within its scope anything a public entity does." *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). We have previously recognized that "[p]roviding inmates with appropriate and adequate bedding and bathroom facilities are 'services'" of a jail within the meaning of the ADA. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1224 n.44 (9th Cir. 2008); *see also Armstrong v. Brown*, 732 F.3d 955, 957 (9th Cir. 2013) (recognizing that accommodations under ADA include "accessible beds"). The ADA requires a prison to "make reasonable modifications" to accommodations like beds "to avoid discrimination on the basis of disability, unless [it] can demonstrate that making the modification would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 25.130(b)(7)(i); *see also* 28 C.F.R. Pt. 35, App. A ("It is essential that corrections systems fulfill their nondiscrimination and program access obligations by adequately addressing the needs of prisoners with disabilities, which include, but are not limited to . . . devices such as a bed transfer . . . ."). Williams alleges that Defendants

6

failed to provide such reasonable accommodations and forced him to hop up and down from a top bunk, which "caused [his] medical condition to worsen." He further alleges that he was denied a lower bunk accommodation, despite one being a "necessary" component of his treatment plan, and that the prison refused to provide a "ladder-handrail-grab bar" that would make the top bunk accessible to him. That is all that is necessary to plead Williams's prima facie case. *See Pierce*, 526 F.3d at 1216–17. Whether those modifications or accommodations are reasonable is a context-specific inquiry that must be resolved after discovery and fact-finding, not in a pre-service screening order. *See Lujan v. Pacific Maritime Ass'n*, 165 F.3d 738, 743 (9th Cir. 1999).[3]

3. The district court erred in holding that Williams did not sue a proper defendant. While the district court correctly observed that the ADA does not permit suits against state officials in their individual capacities, the ADA does permit suits for injunctive relief against state officials in their official capacities. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187–88 (9th Cir. 2003). Williams's complaint is silent as to whether the prison officials named are being sued in their individual or official

---

[3] We reject Defendants' argument that their denial of an accommodation is insulated from liability merely because it is based on a doctor's medical assessment of Williams's condition. To accept Defendants' position that the involvement of a doctor removes all prison accommodation decisions from the ADA's reach would undermine the Supreme Court's recognition that Title II of the ADA applies to prisons. *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10 (1998).

7

capacities. Under such circumstances, the court must consider the "essential nature" of the proceeding. *See Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996). Here, Williams sued various California Department of Corrections and Rehabilitation employees, listing their names and official positions. He alleged that he was suing the defendants "for the respective roles played with [sic] the denial of plaintiff's ADA request." Considering the essential nature of the proceeding, in which Williams was seeking an ADA accommodation from prison officials, and affording his complaint the liberal construction it is due, we find that Williams's complaint is an official capacity suit permitted under the ADA. Moreover, Williams is not required to name the entity that runs the prison as the defendant because suits against the warden and other state prison officials in their official capacities are treated as suits against their office. *See Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989).

**REVERSED and REMANDED.**

*Williams v. Koenig*, No. 21-16092
BUMATAY, Circuit Judge, dissenting:

It's well-established that "issues which are not specifically and distinctly argued and raised in a party's opening brief are waived." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (simplified). In this case, the district court dismissed James Williams's complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute his claim. Williams failed to address this dispositive ruling in his opening brief and conceded he waived the issue in his reply brief.

Our court overlooks this failure to raise this crucial issue because *Defendant's* answering brief pointed out Williams's waiver. That's not how it should work. That Koenig brought the waiver to our attention is no basis to excuse it. Otherwise, appellees can never raise waiver in an answering brief without waiving waiver. That's an odd Catch-22 we've invented.

I would deem the Rule 41(b) issue waived and affirm the district court on that basis.

I respectfully dissent.

1